UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JEROME WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:16-CV-636 |
| | ) | |
| INDIANA DEPARTMENT OF CORRECTION, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Jerome White, a pro se prisoner, filed an amended complaint attempting to sue the Indiana Department of Correction for monetary damages. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

The Indiana Department of Correction is a subdivision of the State of Indiana. The Eleventh Amendment generally precludes a citizen from suing a state or one of its agencies or departments in federal court. Wynn v. Southward, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits against state officials seeking prospective equitable relief for ongoing violations of federal law are not barred by the

Eleventh Amendment; (2) individuals may sue a state directly if Congress has abrogated the state's immunity from suit; and (3) individuals may sue the state if the state waived its sovereign immunity and consented to suit in federal court. MCI Telecommunications Corp. v. Ill. Commerce Comm'n, 183 F.3d 558, 563 (7th Cir. 1999).

None of these exceptions apply in this case. First, Mr. White isn't suing a state official and is not seeking injunctive relief. Second, State immunity wasn't abrogated by the enactment of Section 1983. Joseph v. Bd. of Regents of Univ. of Wis. Sys., 432 F.3d 746, 748 (7th Cir. 2005). Third, Indiana hasn't consented to this lawsuit. Therefore the Indiana Department of Correction is immune from suit. As explained in this court's prior order (DE 5) which screened his original complaint, it is frivolous to sue a defendant which has immunity.

For these reasons, this case is DISMISSED as frivolous pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: November 17, 2016.

/s/ Robert L. Miller, Jr.
Judge
United States District Court